**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 2, 2019
Decided December 18, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3620

| | |
|---|---|
| RICKY FELTS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| *v.* | No. 3:17-cv-00932-slc |
| ANDREW M. SAUL, | Stephen L. Crocker, |
| Commissioner of Social Security, | *Magistrate Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Ricky Felts, a 64-year-old man suffering from a host of medical problems, both physical and mental, challenges the denial of his applications for social security benefits. He argues that substantial evidence does not support the administrative law judge's conclusion that his mental impairments were not severe and did not cause any work-related mental limitations. We affirm.

## Background

In the fifteen years before applying for benefits, Felts worked in a variety of roles, including as a front desk clerk at a hotel, an order clerk at an apparel company, and a systems engineer at a computer company. He then was jailed for one year, ending July 11, 2013 (the day before the alleged onset of his disability). Throughout the last fifteen years, Felts experienced many of the ailments that underlie his disability claim, including pain in his shoulders, hips, and knees as well as heart problems.

In early 2014, Felts applied for disability insurance benefits and supplemental security income, asserting that physical impairments and depression limited his ability to work. The Social Security Administration denied his claims at all levels of review. Because Felts devotes most of his briefs to challenging the ALJ's assessment of his mental impairments, we focus on his medical history.

Felts sought treatment from his internist, Dr. Sumeet Goel, for depressive symptoms later in 2014. Felts reported feeling melancholy and having poor energy, low mood, and stress due to difficulties readjusting to life after his release from jail. Dr. Goel diagnosed Felts with depression and prescribed an anti-depressant, Zoloft. Acknowledging improved symptoms, Felts weaned himself off the medication by October. He later resumed the medication and was taking it as late as February 2017.

Meanwhile, in July 2014, in connection with Felts's applications for benefits, Dr. Gregory Cowan, a consultative examiner, examined Felts and diagnosed him with depressive disorder and antisocial personality traits, among other conditions. Dr. Cowan concluded his report with a "Statement of Work Capacity," which Felts reads to limit him to work that involves only simple instructions:

> Ricky should be able to understand, remember, and carry out simple instructions. His ability to respond appropriately to supervisors and coworkers is unimpaired. Concentration and attention are unimpaired. Ability to withstand routine work stress and adapt to workplace changes is unimpaired. There are no psychological factors that would significantly interfere with work pace.

The following spring, Dr. Esther Lefevre, a psychologist, reviewed Felts's file, including Dr. Cowan's report, and concluded that Felts did "not have more than mild limitations" related to his mental health. In her view, Felts's severe affective and personality disorders posed only mild limitations on his daily activities, social functioning, and concentration, persistence, and pace. Since Dr. Cowan's exam, she added, other doctors had examined Felts, yet he neither complained to them about significant depression nor showed signs of it.

At a hearing before an administrative law judge in February 2017, Felts acknowledged that he had worked in three computer-related jobs in 2015 and 2016 despite his "problems concentrating." He initially testified that he last worked in 2015, doing database work. The ALJ, however, challenged him to reconcile this testimony with medical records suggesting that he had held subsequent jobs; only then did Felts acknowledge that he set up computer systems at two counseling offices in 2016. He nonetheless testified that his problems concentrating (a side effect of his medications), along with his physical issues, kept him from being able to work. Felts's attorney then elicited additional testimony about his concentration: Felts testified that his "[c]oncentration and memory is just wrong," referring to his medications' side effects. Because of these difficulties, Felts testified that he was unable to really follow the content of a short TV show and that he had trouble reading.

A vocational expert then testified that Felts could perform some of his past work if he were limited to sedentary work with occasional overhead reaching. She also opined that if Felts were limited to simple instructions and routine tasks, then he would not be able to perform any of his past work because it was all at least semi-skilled.

Following the standard five-step process, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ concluded that Felts was not disabled. Giving him the "benefit of the doubt," the ALJ determined that Felts's work after his alleged disability onset date was not substantial gainful employment (step one). Felts had five severe impairments (all physical): lumbar degenerative disc disease and stenosis, cervical degenerative disc disease, osteoarthritis, history of coronary artery disease, and obesity (step two). Ascribing "great weight" to the opinions of Drs. Cowan and Lefevre, the ALJ found that Felts's depression was not severe. The ALJ balanced the totality of Dr. Cowan's report to determine that Dr. Cowan found Felts to be unimpaired. This determination was consistent with Dr. Lefevre's assessment of Felts's file, and the ALJ similarly found, under the "paragraph B" criteria, *see* 20 C.F.R. §§ 404.1520a, 416.920a, that Felts showed only mild limitations. No impairment met the listed impairments (step 3), and the ALJ

found that Felts had the residual functional capacity to perform sedentary work involving occasional overhead reaching. As to the limiting effects of his symptoms, the ALJ determined that Felts's complaints of concentration difficulties were inconsistent with prior examinations at which he was alert and responded appropriately, his preaching at church, and his later computer work. The ALJ determined that Felts could perform his past relevant work as an order clerk and help-desk representative (step 4).

After the Appeals Council denied review, the district court affirmed the ALJ's decision. The court reasoned that Dr. Cowan's statement that Felts "should be able to understand, remember, and carry out simple instructions" did not dictate a finding that Felts was limited to *only* simple instructions. Instead, considering Dr. Cowan's other findings and Dr. Lefevre's opinion, the ALJ reasonably could conclude that Felts was not limited to simple instructions.

## Analysis

Felts principally argues that, as part of the residual functional capacity analysis, the ALJ erred by failing to find him limited to simple instructions. After all, Felts contends, Dr. Cowan wrote in his Statement of Work Capacity that he "should be able to understand, remember, and carry out simple instructions"—a comment that, Felts asserts, means that he could understand, remember, and carry out *only* simple instructions. Further, if Dr. Cowan meant to say that Felts was unimpaired in this area, he would have used the word "unimpaired" as he did elsewhere in the same paragraph. The ALJ's failure to find this limitation is critical, Felts argues, because it would have precluded him from his prior work and, given his limitation to sedentary work (considering his age, education, and work experience), would have resulted in his being found disabled at step five.

As the district court found, the ALJ reasonably interpreted Dr. Cowan's report not to limit Felts to simple instructions. Dr. Cowan's report did not command such a finding, a conclusion that was supported by other evidence in the medical record, including Dr. Lefevre's review of the file.

Indeed, Dr. Cowan's report as a whole supports the ALJ's conclusion. While Dr. Cowan wrote in his Statement of Work Capacity that Felts "should be able to understand, remember, and carry out simple instructions," the doctor also wrote in the same paragraph that Felts had unimpaired ability to respond appropriately to supervisors, to concentrate, and to withstand routine work stress. The doctor concluded

by noting that "no psychological factors . . . would significantly interfere with work pace." Elsewhere in his report, Dr. Cowan noted Felts's positive mood with good range of affect, good long-term memory, and good concentration. On Felts's ability to concentrate (and presumably to follow directions), Dr. Cowan noted that Felts "performed a three-step command correctly."

True, Dr. Cowan assigned Felts a GAF score of 58,[1] but this does not command a finding that he limited Felts to simple instructions. Indeed, GAF scores "do[] not reflect the clinician's opinion of functional capacity" because they measure and reflect the worse of the severity of symptoms *and* functional level. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The American Psychiatric Association has also abandoned the GAF scale because of its "conceptual lack of clarity . . . and questionable psychometrics in routine practice." *Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (quoting AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 16 (5th ed. 2013)).

The ALJ's conclusion that Felts was not limited to simple instructions is also supported by Dr. Lefevre's analysis of Felts's file. Dr. Lefevre reviewed the same report by Dr. Cowan that Felts now argues contained a limitation to simple instructions, but she (like the ALJ) determined that Dr. Cowan found "[n]o severe limitations." After reviewing the balance of Felts's file, Dr. Lefevre then concluded that Felts did "not have more than mild limitations."

In the alternative, Felts contends that the ALJ failed in her RFC analysis to assess the cumulative effect of his non-severe mental impairments—specifically, his concentration problems—with his severe physical impairments. The ALJ, however, did consider these problems in combination. The ALJ focused on the effects of Felts's physical impairments—understandable, given Felts's statement to Dr. Cowan that "[m]ost of [his] disability is physical,"—but also discredited Felts's statements that he could not concentrate due to his medications' side effects. The ALJ found these statements inconsistent with the record, which lacked any compelling complaints by Felts of problems with concentration. What's more, his medical reports showed that he was alert during exams and able to respond appropriately. As the ALJ appropriately found, Felts's claim that he suffered serious concentration problems was undermined

---

[1] GAF scores of 51-60 indicate moderate symptoms or limitations in social, occupational, or school function. *See* AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th ed. 2000).

by evidence that he was able to perform many other activities: preaching at church, doing computer work, managing personal care needs, preparing meals, reading, watching TV, driving, and traveling alone.

AFFIRMED